# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| ROSEMARY CARVER, | ) | CASE NO. 1:23-cv-01150 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND ORDER**# |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Report and Recommendation of Magistrate Judge Thomas M. Parker.[1] (R. 10). Plaintiff Rosemary Carver filed a complaint on June 8, 2023 challenging the final decision of the Commissioner of Social Security denying her applications for a Period of Disability, Disability Insurance Benefits and/or Supplemental Security Income. (R. 1).[2] Magistrate Judge Parker issued his Report and Recommendation on March 5, 2024, recommending the Court affirm the Commissioner's decision. (R. 10). As of the date of this decision, Plaintiff has not filed any objections.

## I. Standard of Review for a Magistrate Judge's Report and Recommendation

The applicable standard of review of a magistrate judge's report and recommendation

---

[1] This case was referred to the magistrate judge for a report and recommendation, pursuant to Local Rule 72.2.

[2] After a jointly stipulated remand, on August 16, 2022, an Administrative Law Judge (ALJ) issued a partially favorable decision finding first that Carver was not disabled within the meaning of the Social Security Act prior to October 19, 2019, but that she became disabled on that date and remained disabled through the date of the decision. (R. 10, PageID# 1273, *citing* Tr. 575-591).

depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. Fed. R. Civ. P. 72(b)(3) states:

> *Resolving Objections*. The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

The text of Rule 72(b)(3) addresses only the review of reports to which objections have been made, but does not specify any standard of review for those reports to which no objections have lodged. The Advisory Committee on Civil Rules commented on a district court's review of unopposed reports by magistrate judges. In regard to subsection (b) of Rule 72, the Advisory Committee stated: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 Advisory Committee's notes (*citing Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879)).

"In the Sixth Circuit, failure to object constitutes a forfeiture." *Schuster v. Comm'r of Soc. Sec.*, 2022 WL 219327, at *1 (N.D. Ohio, Jan. 25, 2022) (Lioi, J.) (citing *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) ("We clarify that forfeiture, rather than waiver, is the relevant term here.")); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985) (holding that the Sixth Circuit's waiver/forfeiture rule is within its supervisory powers and "[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed"). Here, the Report and Recommendation placed the parties on notice as to the potential for forfeiture in the event of a failure to object. (R. 10, PageID# 1301-1302).

2

## II. Conclusion

The Court has carefully reviewed the Report and Recommendation, which sets forth a thorough recitation of the evidence of record concerning Plaintiff's limitations both before and after October 19, 2019—the date she was determined to be disabled. (R. 10, PageID# 1274-1284). Moreover, the Magistrate Judge conducted a thorough fourteen-page analysis of Plaintiff's single assignment of error.[3] (R. 10, PageID# 1290-1301). The Court agrees with the Magistrate Judge's assessment—that the ALJ's RFC determination with respect to the pre-October 19, 2019 time period was supported by substantial evidence. The Court further agrees the ALJ did not err in his evaluation of the effects of Plaintiff's obesity. Thus, the Court finds no clear error, and agrees with the findings set forth therein. The Magistrate Judge's Report and Recommendation (R. 10) is hereby ADOPTED and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

s/ *David A. Ruiz*
David A. Ruiz
United States District Judge

Date: September 18, 2024

---

[3]  Plaintiff's Brief on the Merits argued that the ALJ's RFC determination was unsupported because it failed to build a logical bridge between the record evidence and her physical limitations as they existed prior to October 19, 2019. (R. 7, PageID# 1246-1256). Specifically, she asserts that the ALJ: (i) failed to cite or discuss evidence in the record that supported a more restrictive RFC prior to October 19, 2019; (ii) used flawed reasoning that failed to resolve inconsistences in his analysis; and (iii) improperly evaluated her obesity. *Id*.